IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-00076-CMA-KLM

RICARDO LOPEZ, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

NEXT GENERATION CONSTRUCTION & ENVIRONMENTAL, LLC, a Colorado limited liability company, and CAMRON LENTE,

    Defendants

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Ricardo Lopez, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *First Amended Class and Collective Action Complaint* against Next Generation Construction & Environmental, LLC, a Colorado limited liability company, and Camron Lente (collectively, "Next Generation").

## STATEMENT OF THE CASE

1.     The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* (the "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq.* (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act") contain various rules regarding employee wages and working hours. Next Generation violated these laws by failing to: 1) compensate employees at "time and one-half" their regular rate of pay for

1



all overtime hours worked; 2) ensure that employees received paid rest breaks during their shifts; and 3) properly compensate interrupted meal breaks. This class and collective action seeks to recover damages and backpay to compensate all current and former employees of Next Generation for these wage violations.

## **PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff, a former employee of Next Generation, is an individual and resident of the State of Colorado.

3. Defendant Next Generation Construction & Environmental, LLC is a limited liability company organized under the laws of the State of Colorado with its corporate office located at 14313 Mead Street, Longmont, Colorado 80504. At all times relevant to this action, Defendant has been located in and has conducted business in the State of Colorado.

4. Defendant Lente is an individual and, on information belief, a resident of the State of Colorado. On information and belief, Mr. Lente is the founder, owner and operator of Next Generation Construction & Environmental, LLC.

5. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. Venue is proper under 28 U.S.C. §1391(b).

## **FACTUAL BACKGROUND**

6. Next Generation is an oilfield service company providing hydrovac and roustabout services in Colorado. Plaintiff worked for Next Generation providing

hydrovac services at various locations primarily in Weld County, Colorado.

7. Although Plaintiff was required to work more than twelve (12) hours per day and/or forty (40) hours per workweek, and did so frequently, Plaintiff was not compensated at the mandated time and one-half rate for all of his overtime hours. No overtime exemption applies to Plaintiff. Next Generation also failed to provide the rest breaks mandated by state law and to properly pay for meal breaks.

8. On information and belief, none of Next Generation's non-exempt employees were paid properly for their time worked.

## SUPPLEMENTAL FACTUAL BACKGROUND

9. *On March 30, 2016, Defendants filed their Motion for a More Definite Statement of the Class and Collective Action Complaint* [Docket #15] arguing that Plaintiff's initial *Class and Collective Action Complaint* required a more definite statement pursuant to FED. R. CIV. PROC. 12(e). Although Plaintiff's initial complaint was more than sufficient, to avoid the expense of unnecessary briefing, Plaintiff respectfully submits the following supplemental facts addressing each of Defendants' concerns.

10. Plaintiff was employed by Defendants from approximately September 29, 2015 to November 19, 2015 at an agreed rate of $21 per hour with a premium rate of $31.50 per overtime hour. This is demonstrated by the pay records produced by Defendants on or about February 29, 2016. These records also show that Defendants calculated Plaintiff's workhours from handwritten timesheets.

11. Certain of the records Plaintiff requires to calculate his unpaid backwages

specifically remain in the possession of Defendants. Therefore, until discovery is complete, Plaintiff cannot provide a precise damage figure. In general, however, Plaintiff seeks the following on behalf of himself and any putative class members: retroactive payment of all improperly compensated meal and rest breaks and overtime wages. The formula for calculating these wages, which Defendants can use to calculate Plaintiff's backwages from their own records, is: a) time and one-half Plaintiff's regular rate of pay for each hour worked in excess of twelve in a day or forty in a week; b) ten minutes of unpaid compensation (at the overtime rate where appropriate) for each missed rest break; and c) where appropriate, compensation at the overtime rate for each meal break paid at a straight time rate. Plaintiff also seeks injunctive relief, statutory penalties and/or liquidated damages, interest, attorney's fees and litigation expenses.

12. Defendants' operations were so busy that it was very difficult for employees such as Plaintiff to take breaks from their work. Because Defendants made no effort to ensure that such breaks were provided, Plaintiff rarely was able to take a break. Although it was Defendants' burden to keep sufficient records to demonstrate that their employees were paid in accordance with state and federal wage and hour law, Defendants failed to do so and, in particular, failed to properly track breaks.

13. Defendants' pay policies were blatantly illegal and, on information and belief, Defendants took no steps to ascertain the validity of those policies. Therefore, Defendants cannot meet their burden to demonstrate that they acted in good faith and

had reasonable grounds for believing their policies were not in violation of the FLSA and Colorado state law. Defendants knew or should have known that their policies were in violation of the FLSA and Colorado state law. In other words, Defendants acted willfully within the meaning of the FLSA and the Wage Claim Act.

## **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

14. Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER NEXT GENERATION EMPLOYEES FROM JANUARY 12, 2013 TO PRESENT: 1) WHO WERE NOT COMPENSATED PROPERLY FOR ALL OVERTIME HOURS WORKED; AND/OR 2) WHO WERE NOT PROVIDED PAID REST BREAKS AND PROPERLY PAID FOR ALL MEAL BREAKS.

15. This action is properly brought as a class action for the following reasons:

    a. The Class is so numerous that joinder of all Class Members is impracticable. Based on the time period he worked for Defendants and his interactions with Defendants' other employees, Plaintiff is informed and believes that the number of Class Members exceeds seventy. These include approximately fifteen 4-man roustabout crews and seven 2-man hydrovac crews.

5

    b.    Numerous questions of law and fact regarding the liability of Next Generation are common to the Class and predominate over any individual issues which may exist. Among the questions and issues common to the Class are: 1) whether Defendants engaged in a common course of failing to compensate Class Members properly for all hours worked, including overtime; 2) whether Defendants engaged in a common course of failing to provide rest breaks to Class Members and properly compensate meal breaks; 3) whether Defendants failed to pay Class Members an overtime premium of 1.5 times their regular hourly rate for all hours worked in excess of 40 per week or 12 per day; 4) whether Defendants engaged in a common course of failing to maintain true and accurate time records for all hours worked by Class Members; 5) whether Defendants violated state and/or federal law; 6) whether any exemptions apply to Class Members; and 7) the nature and extent of class-wide injury and the measure of compensation for each injury.

    c.    The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Next Generation's own records. Plaintiff and Class Members

    all were paid under the same compensation plan, which is challenged in this lawsuit. Plaintiff and Class Members all were denied required overtime and breaks required by law. Plaintiff's legal theories and claims are identical to those of Class Members. In particular, as described above, Plaintiff contends that Defendants engaged in a course of conduct vis-à-vis Plaintiff and other employees which violated overtime and rest or meal break requirements. Plaintiff's claims, and those of other potential Class Members, are based on the same conduct and compensation practices, seek identical remedies, and – therefore – satisfy the typicality requirement.

d.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual claims at issue in this class action involve small amounts and, for most (all) Class Members, it would not be cost-effective to retain counsel to file an individual lawsuit. On information and belief, many of the Class Members do not have the financial means to hire counsel. The class action process would provide an opportunity that is otherwise not practicable or that is simply unavailable for

many of the individual class members. Allowing employees a cost-effective avenue to recover unpaid wages is a primary goal of the overtime laws. The proposed class action presents no unique difficulties from a case management perspective, and – for a number of reasons – would be easier to administer than most class actions. Most importantly, this class action involves only 70 or so employees at a single location. Similarly, the case involves discrete violations of specific overtime and rest/meal break statutes with easily calculable statutory damages. As a result, as compared to many class actions involving dozens of states and thousands or even millions of class members, this class action would be quite simple to administer.

e. Plaintiff will fairly and adequately protect the interests of Class Members. Plaintiff and other Class Members all are current or former employees of Defendants performing the same types of non-exempt oilfield jobs. Their claims are identical and run solely against Defendants. Plaintiff and other Class Members do not have contractual relationships with each other, hence they do not have cross claims, third party claims, or claims in the nature of contribution,

comparative fault, or set-off that would place them at odds with each other. In short, their interests are identical and not in conflict. Furthermore, Plaintiff is represented by experienced class action counsel, who has been prosecuting and defending class actions for almost twenty years, with a particular focus on wage and hour class actions for the last eight years.

16. For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subjected to Next Generation's common practice, policy or plan regarding employee wages and hours.

### FIRST CLAIM FOR RELIEF
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

17. Plaintiff incorporates by reference all of the above paragraphs.

18. At all relevant times, Next Generation has been, and continues to be, an "employer" within the meaning of the FLSA.

19. Next Generation is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

20. At all relevant times, Next Generation has had gross annual volume of sales in excess of $500,000.

21. At all relevant times, Next Generation has employed, and continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

22. Plaintiff was an employee of Next Generation within the meaning of the FLSA.

23. While employed by Next Generation, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

24. As a result of the foregoing conduct, as alleged, Next Generation has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.* As described above, these violations were committed knowingly, willfully and with reckless disregard of applicable law.

25. As a result, Plaintiff and Class Members has been damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
**(Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq.*)**

26. Plaintiff incorporates by reference all of the above paragraphs.

27. At all relevant times, Next Generation has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.

28. At all relevant times, Next Generation has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

29. Plaintiff was an employee of Next Generation within the meaning of the Wage Claim Act.

30. As a result of the foregoing conduct, as alleged, Next Generation has failed to pay wages due under the Wage Claim Act, the FLSA and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.,* as implemented by the Colorado Minimum Wage Order, thereby violating, and continuing to violate, the Wage Claim Act. As described above, these violations were committed knowingly, willfully and with reckless disregard of applicable law.

31. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount sufficient to provide compensation for all overtime hours worked that were not compensated properly.  This demand for payment is continuing and is made on behalf of any current Next Generation employees whose employment terminates at any time in the future.  Such payment can be made care of undersigned counsel at the listed address.

### THIRD CLAIM FOR RELIEF
**(Violation of the Colorado Minimum Wage Act, § 8-6-101, *et seq.*)**

32. Plaintiff incorporates by reference all of the above paragraphs.

33. At all relevant times, Next Generation has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

34. At all relevant times, Next Generation has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

35. Plaintiff was an employee of Next Generation within the meaning of the Minimum Wage Act.

11

36. As a result of the foregoing conduct, as alleged, Next Generation has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

37. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## DOCUMENT PRESERVATION

38. As part of discovery, Plaintiff will be requesting certain documents and information from Next Generation. Please note the document preservation instructions attached hereto.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against Next Generation as follows:

1. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

5. Awarding Plaintiff and Class Members their pre-judgment, post-judgment

and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of April, 2016.

*s/Brian D. Gonzales*
_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado 80524
Telephone: (970) 212-4665
Facsimile: (303) 539-9812
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of April, 2016, the foregoing **FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** was served electronically on the following:

Thomas J. Harrison, Esq.
1885 South Quebec Way, Suite E18
Denver, Colorado 80231
Tomjh3@gmail.com

*s/Brian D.Gonzales*
_____

## **DOCUMENT PRESERVATION INSTRUCTIONS**

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004). This duty "applies to information stored in an electronic medium or format…" *Id.* at Standard 29.

Various kinds of electronic data will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendants' decision to not pay the overtime premium and to not provide paid rest breaks;

- Emails and other electronic and hard-copy documents pertaining to Defendants' reliance on department of labor authority when deciding not to pay the overtime premium or to not provide paid rest breaks;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendants' employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendants' employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendants' compliance with the Fair Labor Standards Act and/or state laws; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendants perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendants perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendants take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.