IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONDALE ANDERSON,
on behalf of himself and all others similarly situated,

        Plaintiff,

        v.                                                  Case No. 1:18-cv-00518 WJ/JHR

XTO ENERGY, INC, and
MICHAEL WAYNE MARRIOTT

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand to State Court, filed July 5, 2018 **(Doc. 23)**. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's Motion is well-taken and, therefore, is **GRANTED**. This matter is therefore **REMANDED** to the Eleventh Judicial District Court, County of San Juan, State of New Mexico.

**BACKGROUND**

This is a class action asserting a violation of New Mexico Minimum Wage Act. Plaintiff was a lease operator for Defendant XTO Energy, Inc, in San Juan County, New Mexico. Plaintiff filed a complaint against both XTO Energy, Inc. and Michael Marriott, alleging that they failed to pay him and sixty other lease operators overtime as required under the New Mexico Minimum Wage Act. Under the New Mexico Minimum Wage Act ("NMMWA"), "[a]n employee shall not be required to work more than forty hours in any week of seven days, unless the employee is

paid one and one-half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours." *See* NMSA § 50–4–22(D).

As a lease operator, Plaintiff maintained oilfield equipment, measured the level of oil in tanks, and input data into spreadsheets regarding the amount of oil a well produces. Defendant Marriott was the senior superintendent for Defendant XTO in New Mexico, and was allegedly the senior supervisor in New Mexico. There were two layers of supervisors – foremen and assistant superintendents – between Defendant Marriott and the lease operators. Plaintiff alleged that Defendant Marriott had the authority to make personnel, scheduling, and compensation decisions, which Defendants dispute.

The citizenship of the parties appears to be uncontested based on the face of the complaint and the Notice of Removal. Plaintiff is a New Mexico citizen, and Defendant XTO Energy is incorporated in Delaware, with its principal place of business in Texas. **Doc. 1, p. 3.** Defendant Marriott is a citizen of New Mexico.

On June 4, 2018, Defendants filed a Notice of Removal **(Doc. 1)** on the basis of diversity jurisdiction. Although Defendant Marriott is a citizen of New Mexico and therefore non-diverse with Plaintiff, Defendants allege that Defendant Marriott was fraudulently joined. Specifically, they assert that he is not an "employer" under the New Mexico Minimum Wage Act, and therefore no claim under the Minimum Wage Act can be asserted against him. Defendants included, as an appendix to their Notice of Removal, a declaration by Defendant Marriott which purports to assert facts showing that he was not an employer.

On June 11, 2018, Defendant Marriott filed a Motion to Dismiss **(Doc. 12)** under Fed R. Civ. P. 12(b)(6), arguing that claims against him should be dismissed, because he cannot be an employer under the New Mexico Minimum Wage Act.

On July 5, 2018, Plaintiff filed this Motion to Remand on the basis that the Court lacks diversity jurisdiction, and Defendant Marriott was not fraudulently joined.

## DISCUSSION

I. **Removal and Diversity Jurisdiction**.

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.,* 251 F.3d 1283, 1290 (10th Cir. 2001).

Plaintiffs removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.; see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 609, 163 L. Ed. 2d 415 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."). "[T]he relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015).

A matter may be remanded back to state court if the federal court lacks subject matter jurisdiction (such as diversity jurisdiction). 28 U.S.C. § 1447(c). The removing defendant bears the burden of proving subject matter jurisdiction.

II. **Fraudulent Joinder.**

3

However, fraudulent joinder is an exception to the requirement of complete diversity. *Black Iron, LLC v. Helm-Pacific*, 2017 WL 2623846, at *4 (D.Utah, 2017). The joinder of a non-diverse party is "fraudulent" when it serves no purpose other than "to frustrate federal jurisdiction." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a non-diverse party fraudulently to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991). The citizenship of fraudulently joined defendants "should be ignored for the purposes of assessing complete diversity." *Dutcher v. Matheson*, 733 F.3d 980, 987-988 (10th Cir. 2013).

Fraudulent joinder must be "established with complete certainty upon undisputed evidence." *Smoot v. Chicago, Rock Island & Pacific Railroad Co.*, 378 F.2d 879 (10th Cir.1967). In evaluating a claim of fraudulent joinder, "all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). In other words, the removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). This is a high bar for Defendants to meet, and poses a standard "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)" and "which entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indemnity,* 2000 WL 525592 at **1-2 (10th Cir. 2000) (unpublished).[1]

---

[1] Many district courts within the Tenth Circuit have referred to the standard for fraudulent joinder as requiring clear and convincing evidence. *See Bristow First Assembly of God v. BP p.l.c.*, 2016 WL 5415792, at *2 n.1 (N.D. Okla. Sept. 28, 2016) (finding "no significant difference between the 'complete certainty' language in *Smoot* and the 'clear and convincing' language in other cases); *Spence v. Flynt*, 647 F.Supp. 1266, 1271 (D. Wyo.1986); *Castens v. Conseco Life Ins. Co.*, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1163 (D.N.M. 2015).

The party defending removal may carry this "heavy burden" and successfully assert fraudulent joinder by demonstrating either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013); *Black Iron, LLC v. Helm-Pacific*, 2017 WL 2623846, at *4 (D.Utah, 2017). The removing party must demonstrate that there is *no possibility* that plaintiff would be able to establish a cause of action against the non-diverse defendant. *Montano v. Allstate,* 2000 WL 525592 at **1-2 (to prove fraudulent joinder, the removing party must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court); *see also Bellman v. NXP Semiconductors USA, Inc.*, 248 F. Supp. 3d 1081, 1116 (D.N.M. 2017); *Hart v. Bayer Corp.*, 199 F.3d 239, 246–47 (5th Cir. 2000).

A fraudulent joinder analysis is a jurisdictional inquiry and therefore a district court should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc*., 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *Albert v. Smith's Food & Drug Centers, Inc.* 356 F.3d 1242, 1247 (10th Cir. 2004)(fraudulent joinder analysis is a jurisdictional inquiry); *Smoot,* 378 F.2d at 882 (federal courts may look beyond the pleadings to determine if joinder is fraudulent); *see also De La Rosa v. Reliable, Inc*., 113 F.Supp.3d at 1151.

However, "this does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

## III. Defendants failed to show there is no possibility of a claim against Defendant Marriott.

Here, the pleadings on their face indicate a lack of complete diversity, because Defendant Marriott, like Plaintiff, is alleged to be a citizen of New Mexico. Therefore, to support removal, Defendants bear the burden of showing with complete certainty that there is no possibility of a claim against Defendant Marriott. Defendants attempt to do so here by arguing that Defendant Marriott cannot be an 'employer' under the New Mexico Minimum Wage Act.

### A. There is no controlling law interpreting the definition of "employer" under the New Mexico Minimum Wage Act.

Whether a supervisor is an "employer" under the NMMWA appears to be an issue of first impression. Although the NMMWA defines employer, there is no case law construing the definition of employer under that act in New Mexico or in the Tenth Circuit.

Under the NMMWA, an employer "includes any *individual*, partnership, association, business trust, legal representative or any organized group of persons employing one or more employees at any time, acting directly or indirectly in the interest of an employer in relation to an employee." NMSA § 50-4-21(B) (emphasis added). This language is exceedingly broad. The plain language of the definition provides that individuals employed by a company may be an "employer" themselves when they take certain actions in relation to employees on behalf the corporate employer. There is no controlling law in New Mexico or the Tenth Circuit discussing how this definition applies to individuals who act in a supervisory or managerial role. On this basis alone, the Court concludes that Defendant has not shown there is "no possibility" that Plaintiff has a claim against Defendant Marriott.

Defendants propose that the court should apply the "economic reality" test under the FLSA to determine whether Defendant Marriott is an employer. Initially, the Court notes that it is unclear whether New Mexico would apply the economic reality test under the FLSA to determine whether a *supervisor* was an "employer" under the New Mexico Minimum Wage Act. Because the definition of employer is similar in both the Minimum Wage Act and the FLSA, New Mexico courts may look to case law interpreting similar language under the FLSA. *Garcia v. Am. Furniture Co.*, 1984-NMCA-090, ¶ 13, 101 N.M. 785, 788, 689 P.2d 934, 937 (applying FLSA economic realty test to definition of "employee" under NMMWA, and noting that New Mexico courts may look to persuasive federal decisions under the FLSA in interpreting identical language), *cited in Armijo v. Wal-Mart Stores, Inc*., 2007-NMCA-120, ¶ 47, 142 N.M. 557, 572, 168 P.3d 129, 144. However, there is no analogous Tenth Circuit law on when an individual supervisor or manager may be considered an employer under the FLSA.

Moreover, making a fraudulent joinder case under these circumstances would require a fact-intensive merits determination. Although at this stage the Court should look behind the pleadings, "this does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992) ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."), *quoted in Montano v. Allstate Indemnity*, 211 F.3d 1278 (Table), 2000 WL 525592, at *2 (10th Cir. 2000) (unpublished); *Hart v. Bayer Corp*., 199 F.3d 239, 246–47 (5th Cir. 2000) (cautioning against pre-trying a case to determine jurisdiction). Whether Defendant Marriott in fact

controlled or told Plaintiff whether he could claim overtime is one of the core merits disputes of this case, and cannot be determined on the basis of a declaration.

Even if the Court were to look to the FLSA to determine whether Defendant Marriott is an employer, there appears to be a split in authority whether a supervisor has liability under the FLSA. For example, in interpreting similar language in the FMLA, many cases have imposed liability on supervisors who denied employees the right to take FMLA leave and then return to work. *Pinkard v. Lozano*, 2007 WL 4116019, at *2 (D. Colo. Nov. 16, 2007) (to establish individual liability within meaning of "employer" under FMLA, individual must have supervisory authority over the plaintiff or control in some way the plaintiff's ability to take leave of absence and return to work); *Kilvitis v. Cty. of Luzerne*, 52 F. Supp. 2d 403, 412–13 (M.D. Pa. 1999) (collecting cases); *Saavedra v. Lowe's Home Centers, Inc.*, 748 F. Supp. 2d 1273, 1292 (D.N.M. 2010) (Browning, J) (collecting cases and noting that most courts have held that supervisors may be liable under the FMLA). This ambiguity in the law should be resolved in favor of Plaintiff. *Dutcher v. Matheson*, 733 F.3d 980, 987-988 (10th Cir. 2013); *Hart v. Bayer Corp.*, 199 F.3d 239, 246–47 (5th Cir. 2000) (court must resolve all ambiguities in controlling state law in favor of non-removing party).

### B. Even under the FLSA, it is possible that Defendant Marriott is an employer.

Even if the Court applied persuasive case law interpreting the FLSA on the definition of "employer", the Court is not convinced to a complete certainty that there is no possibility of a claim against Defendant Marriott.

Defendants assert that the "economic reality" test applies. That test is primarily designed to determine whether an individual is an employee subject to the relevant act, or an independent contractor. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 570 (10th Cir. 1994), *as modified*

*on denial of reh'g* (Dec. 5, 1994)(applying multiple factors in determining whether individual is employee or independent contractor.); *Johns v. Stewart*, 57 F.3d 1544, 1557–58 (10th Cir. 1995). To the extent the "economic reality" test does apply, the relevant question thereunder is the supervisor's role in the alleged FLSA violation, and whether the supervisor in fact had control over the Plaintiff's work schedule or overtime hours claimed. *See, e.g., Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1314 (11th Cir. 2013) ("our primary concern is the supervisor's role in causing the FLSA violation, and it is possible for a supervisor to exercise enough control to play a substantial role in causing the violation while working only part-time. In short, the fact that control was exercised only occasionally "does not diminish the significance of its existence."); *see generally Saavedra v. Lowe's Home Centers, Inc.*, 748 F. Supp. 2d 1273, 1286 (D.N.M. 2010); *Pinkard v. Lozano*, 2007 WL 4116019, at *2 (D. Colo. Nov. 16, 2007) (Under FMLA, test for determining whether supervisor was an "employer" included whether the supervisor had "control in some way the plaintiff's ability to take a leave of absence and return to work.").

Based on the Tenth Circuit's rulings on similar language in other legislation, the likely test in this circuit would be a supervisor's role in the violations. *Fernandez v. Mora-San Miguel Elec. Co-op., Inc.*, 462 F.3d 1244, 1248 (10th Cir. 2006) (in determining whether party was an employer under similar language in the Employee Polygraph Protection Act, test focuses on whether "as a matter of economic reality, that person or entity exerts some degree of control over the employer's compliance with EPPA.") (internal quotation mark and citation omitted).

Upon reviewing Defendant Marriott's declaration, the Court finds that Defendants have not shown that there is no possibility of a claim under the NMMWA. For example, Defendant Marriott asserts that he had no authority over the Plaintiff and class members, but notes that he

*on denial of reh'g* (Dec. 5, 1994)(applying multiple factors in determining whether individual is employee or independent contractor.); *Johns v. Stewart*, 57 F.3d 1544, 1557–58 (10th Cir. 1995). To the extent the "economic reality" test does apply, the relevant question thereunder is the supervisor's role in the alleged FLSA violation, and whether the supervisor in fact had control over the Plaintiff's work schedule or overtime hours claimed. *See, e.g., Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1314 (11th Cir. 2013) ("our primary concern is the supervisor's role in causing the FLSA violation, and it is possible for a supervisor to exercise enough control to play a substantial role in causing the violation while working only part-time. In short, the fact that control was exercised only occasionally "does not diminish the significance of its existence."); *see generally Saavedra v. Lowe's Home Centers, Inc.,* 748 F. Supp. 2d 1273, 1286 (D.N.M. 2010); *Pinkard v. Lozano*, 2007 WL 4116019, at *2 (D. Colo. Nov. 16, 2007) (Under FMLA, test for determining whether supervisor was an "employer" included whether the supervisor had "control in some way the plaintiff's ability to take a leave of absence and return to work.").

Based on the Tenth Circuit's rulings on similar language in other legislation, the likely test in this circuit would be a supervisor's role in the violations. *Fernandez v. Mora-San Miguel Elec. Co-op., Inc.*, 462 F.3d 1244, 1248 (10th Cir. 2006) (in determining whether party was an employer under similar language in the Employee Polygraph Protection Act, test focuses on whether "as a matter of economic reality, that person or entity exerts some degree of control over the employer's compliance with EPPA.") (internal quotation mark and citation omitted).

Upon reviewing Defendant Marriott's declaration, the Court finds that Defendants have not shown that there is no possibility of a claim under the NMMWA. For example, Defendant Marriott asserts that he had no authority over the Plaintiff and class members, but notes that he

made "recommendations" to corporate headquarters on a variety of issues, including termination and the class members' schedule. He also reviewed and approved time cards. Whether the acceptance of these recommendations indicate that he had *de facto* control over the relevant decisions in this case would bear on whether he was an "employer", and requires an in-depth merits analysis.

Therefore, the Court cannot conclude that there is no possibility that Defendant Marriott was "acting directly or indirectly in the interest of an employer in relation to an employee" and therefore an employer pursuant to NMSA § 50-4-21(B).

### IV. Court declines to rule on Motion to Dismiss (Doc. 12).

Because the Court concludes that diversity jurisdiction does not exist, the Court lacks jurisdiction to consider the motion to dismiss.

### CONCLUSION

On the face of the complaint, the Court lacks diversity jurisdiction, because Defendant Marriott is a citizen of New Mexico and non-diverse with Plaintiff. Defendants failed to carry their heavy burden of showing that Defendant Marriott was fraudulently joined, and have failed to show that there is no possibility of a claim against him. Therefore, the Court lacks diversity jurisdiction over this matter and it must be remanded pursuant to § 1447(c).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **(Doc. 23)** is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order and that this action is **REMANDED** to the Eleventh Judicial District Court, County of San Juan, New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

_____
CHIEF UNITED STATES DISTRICT JUDGE